# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONE LEROY EAST,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>C. WALLACE,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO: 1:10-cv-02235-AWI-GBC (PC)<br><br>ORDER REVOKING IN FORMA PAUPERIS STATUS<br><br>PLAINTIFF IS ORDERED TO PAY REMAINING BALANCE OF THE FILING FEE WITHIN THIRTY DAYS |

**ORDER**

**I.   PROCEDURAL HISTORY**

　　Ebone Leroy East ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 2, 2010.  (ECF No. 1.)  On December 6, 2010, the Court granted Plaintiff's Motion to proceed IFP.  (ECF No. 4.)  This action proceeds on Plaintiff's original Complaint, which has not yet been screened by this Court.  No other parties have appeared.

　　Plaintiff brings this civil rights action against C. Wallace, a correctional officer, alleging retaliation for exercising his free speech rights in violation of the First Amendment and a due process violation in relation to property.

　　A review of the record of actions and appeals filed by Plaintiff in the United States District Court and in the Ninth Circuit revealed that Plaintiff filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon

...

which relief may be granted. Relying on Section 1915(g), the Court ordered that Plaintiff show cause why he did not meet the three-strike criteria and why his IFP status should not be revoked. (ECF No. 9.) Plaintiff was given thirty days to respond.

On July 13, 2011, Plaintiff filed his response arguing that only two of the cases should count as strikes meaning that this action would not fall under Section 1915(g). (ECF No. 10.) Plaintiff also argues that he was under threat of imminent danger at the time of writing of his complaint. (Id. at 2.)

## II.  LEGAL STANDARD AND ANALYSIS

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions and appeals count as strikes under Section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

As previously noted in the Show Cause Order, the Court took judicial notice that Plaintiff had two prior actions dismissed for being frivolous and/or for failing to state a claim for which relief can be granted under Section 1983[2], four prior actions dismissed under

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

[2] East v. County of Riverside, 5:10-cv-01108-UA-E (PC) (C.D. Cal.) (dismissed August 5, 2010, for failure to state a claim since federal court could not review state child support decision); East v. County of San Bernardino, 5:10-cv-01381-UA-E (PC) (C.D. Cal.) (dismissed September 21, 2010, for failure to state a claim and defendants entitled to immunity).

Heck v. Humphrey, 512 U.S. 477 (1994)[3], and two appellate cases dismissed based on a similar finding and Plaintiff's subsequent failure to pay the filing fee[4]. Therefore, Plaintiff has three or more strikes and became subject to Section 1915(g) before filing this action on December 2, 2010.

Plaintiff now argues, pursuant to Section 1915(g), that only two of his cases should count as strikes and that his original complaint does include allegations that he was under imminent danger of serious physical injury.

As noted in the Order to Show Cause, dismissals under Heck can count as strikes, see e.g., Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in Heck is legally frivolous."); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of Heck, the complaint was properly dismissed for failure to state a claim."), as can appeals, see 28 U.S.C. § 1915(g).

Plaintiff is correct in that he did make the conclusory allegation that he was in imminent danger. However, this action is about Defendant not returning Plaintiff's property in retaliation for filing grievances, violating the due process clause and the First Amendment. Neither of these claims lend themselves to the conclusion that Plaintiff was in imminent danger of bodily harm. It does not appear from the complaint that Plaintiff had any reason to fear for his safety nor does it appear that he was in any form of imminent danger.

### III. **CONCLUSION AND ORDER**

The Court has reviewed Plaintiff's original complaint filed December 2, 2010 and finds that Plaintiff does not meet the imminent danger exception. Andrews v. Cervantes,

---

[3] East v. Gidcumb, 5:09-cv-01105-UA-E (PC) (C.D. Cal.) (dismissed June 17, 2009, for failure to state a claim under Heck); East v. Pace, 5:09-cv-01810-UA-E (PC) (C.D. Cal.) (dismissed October 1, 2009, for failure to state a claim under Heck and because many of the defendants were immune); East v. San Bernardino County, 5:09-cv-02224-UA-E (PC) (C.D. Cal.) (dismissed December 11, 2009, for failure to state a claim under Heck); East v. Hoops, 5:10-cv-00949-UA-E (PC) (C.D. Cal.) (dismissed July 8, 2010, for failure to state a claim under Heck).

[4] East v. County of Riverside, No. 10-56454 (9th Cir. dismissed November 29, 2010); East v. Hoops, No. 10-56258 (9th Cir. dismissed November 5, 2010).

3

493 F.3d 1047, 1053 (9th Cir. 2007).  Because Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury, Plaintiff is ineligible to proceed in forma pauperis in this action.

    Accordingly, it is HEREBY ORDERED that:

    1.    Plaintiff's in forma pauperis status in this action is REVOKED; and

    2.    Plaintiff is given thirty days to pay the remaining balance of the filing fee.

IT IS SO ORDERED.

Dated:    August 1, 2011

CHIEF UNITED STATES DISTRICT JUDGE